U. S. DISTRICT COURT
Southern District of Ga.
File'' in Office
11 26 A.M
May 23rd 2007
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CV406-250 |
| ) | |
| UNITED STATES CURRENCY ) | |
| TOTALING $180,000.00, ) | |
| ) | |
| And ) | |
| ) | |
| UNITED STATES CURRENCY ) | |
| TOTALING $5,080.00, ) | |
| ) | |
| Defendants in rem. ) | |

## O R D E R

Before the Court are Dr. Hung Thien Ly's Notices of Claim to Seized Property. (Docs. 9, 10, & 12.) Dr. Ly, the claimant in this matter, maintains that the Government did not serve its Verified Complaint for Forfeiture In Rem within ninety (90) days as required by 18 U.S.C. § 983.

The above-captioned matter involves $185,080.00 that the Government alleges is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). This statute provides for forfeiture of all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801, et seq. The moneys at issue in this proceeding were recovered in conjunction with the execution of search warrants at the residence of Dr. Ly at 1111 Wilma Avenue, in Savannah, Georgia on March 30, 2006.

When property is seized in a nonjudicial civil forfeiture proceeding, any person claiming that property may file a claim with

the appropriate official after the seizure. 18 U.S.C. § 983(a)(2)(A). Within ninety days of the filing of such a claim, the Government must either file a complaint, return the property, or include a forfeiture allegation in a criminal indictment. 18 U.S.C. § 983(a)(3)(A).

In the instant case, Attorney Harvey Weitz mailed individual claims to the United States Drug Enforcement Agency ("the DEA") on behalf of Dr. Ly and Khanh Ly on May 8, 2006. The claims were stamped as received by the DEA on May 11, 2006. Dr. Ly contends that his claim was "filed" on the date of the postmark. However, the date on which a claim is considered filed under 18 U.S.C. § 983(a)(3)(A) is the date on which it is received by the agency involved. See United States v. $1,073,200.00 in United States Currency, No. 5:06-CV-578, 2007 WL 1017317, *2 (N.D.N.Y. 2007)(claim mailed on October 19, 2005 considered filed on the date it was received by the DEA.). Thus, Dr. Ly's claim was filed on May 11, 2006.

The Government then had ninety days in which to file a complaint, return the property, or include a forfeiture allegation in a criminal indictment. Dr. Ly argues that the first day of this ninety-day period was the date on which his claim was filed. However, under Federal Rule of Civil Procedure 6(a), the day of the act from which the designated period of time begins to run is not included in the calculation of time. Consequently, the ninety-day period began to run on May 12, 2006, the day after the DEA received the Ly's claim. The ninetieth day fell on August 9, 2006.

On August 8, 2006, Attorney Weitz executed an agreement on

behalf of the Lys, allowing the Government an additional sixty days to file a complaint. (Doc. 11 at 17-18.) The Agreement stated that "the deadline by which the United States shall be required to file a complaint for forfeiture against the properties alleging that the properties are subject to forfeiture shall be extended for an additional sixty ("60") days." (Id. at 18.) Dr. Ly argues that the Government did not file its complaint within the sixty-day extension.

The Government was required to filed the complaint within sixty days of August 9, 2006. The sixtieth day fell on Sunday, October 8, 2006. October 9, 2006 was a federal holiday. Consequently, the final day on which the Government could file the Complaint was October 10, 2006. See Fed. R. Civ. P. 6(a).

In the Court's opinion, it is not prudent case management for the Government to wait until the last day to get a sixty-day extension to file its claim and then to wait until the very last day-after receiving a sixty-day extension-to file its claim, which results in unnecessary pleadings. Nonetheless, it appears that the Government has slid under the wire by the skin of its teeth with its filing of the complaint on the afternoon of the last day. Consequently, the Court finds that Dr. Ly's arguments in support of dismissal are unavailing.

SO ORDERED, this 23rd day of May, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA