U.S. DISTRICT COURT
Southern District of Ga.
Filed In Office
5:30 /M
June 11 2007
M. Danito
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Case No. CV406-250
)
UNITED STATES CURRENCY )
TOTALING $180,000.00, )
)
    And )
)
UNITED STATES CURRENCY )
TOTALING $5,080.00, )
)
    Defendants in rem. )
_____)

## O R D E R

Before the Court is Dr. Hung Thien Ly's response to this Court's Order of February 23, 2007 ("the previous Order"). Therein, Dr. Ly, the claimant in this matter, again requests that the Court dismiss the Government's Complaint of Forfeiture in Rem. After careful consideration, Dr. Ly's request that the Court reconsider the previous Order is **DENIED**.

As explained in the previous Order, the above-captioned matter involves $185,080.00 that the Government alleges is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). This statute provides for forfeiture of all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801, et seq. The moneys at issue in this proceeding were recovered in conjunction with the execution of a search warrant at the residence of Dr. Ly at 1111 Wilma Avenue, in Savannah, Georgia on March 30, 2006.

When property is seized in a nonjudicial civil forfeiture proceeding, any person claiming that property may file a claim with the appropriate official after the seizure. 18 U.S.C. § 983(a)(2)(A). Within ninety days of the filing of such a claim, the Government must either file a complaint, return the property, or include a forfeiture allegation in a criminal indictment. 18 U.S.C. § 983(a)(3)(A).

In the instant case, Attorney Harvey Weitz filed a claim on behalf of Dr. Ly on May 11, 2006. The Government then had ninety days in which to file a complaint, return the property, or include a forfeiture allegation in a criminal indictment. On August 8, 2006, one day before the expiration of the ninety-day period, the Government requested a sixty-day extension of time in which to file their complaint. Mr. Weitz agreed to the extension and executed an agreement on behalf of Dr. Ly as his "attorney of record."

Dr. Ly now argues that Mr. Weitz did not have the authority to sign the extension agreement.[1] This argument is unavailing. Under Georgia law, an attorney's apparent authority:

> may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Therefore, from the perspective of the opposing party, in the absence of knowledge of express

---

[1] The majority of Dr. Ly's objections appear to be based on a misunderstanding of legal terminology and the legal system. For instance, Dr. Ly argues that Mr. Weitz was merely his legal counsel and not his "attorney of record." The phrase "attorney of record" simply means "the lawyer who appears for a party in a lawsuit and who is entitled to receive, on the party's behalf, all pleadings and other formal documents from the court and other parties." Black's Law Dictionary 138 (8th ed. 2004). Thus, when Mr. Weitz agreed to represent Dr. Ly and filed documents on his behalf, he became Dr. Ly's "attorney of record."

2

> restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority.

Scott v. Carter, 239 Ga. App. 870, 872, 521 S.E.2d 835 (1999); see also O.C.G.A. § 15-19-5(attorneys have the authority to bind their clients in any action or proceeding by any agreement in relation to the cause, made in writing). It is undisputed that no limitations on Mr. Weitz's authority were communicated to Government counsel prior to August 8, 2006. Mr. Weitz therefore had authority to bind Dr. Ly to an extension.

Dr. Ly also asks that this Court appoint counsel to represent him during the pendency of this civil forfeiture proceeding. Section 983(b)(1)(A) and (2)(A) of Title 18, United States Code provides for court appointed counsel in civil forfeiture proceedings if (1) the claimant is represented by counsel appointed under 18 U.S.C. § 3006A in connection with a related criminal case; and (2) if the property subject to forfeiture is real property. Dr. Ly does not meet either of the requirements. He is not currently being prosecuted in this District and the subject property is United States currency, not real property, and thus cannot receive appointed counsel in this case.

SO ORDERED, this 11th day of June, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3