IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV406-250 |
| ) | |
| UNITED STATES CURRENCY ) | |
| TOTALING $180,000.00 and ) | |
| UNITED STATES CURRENCY ) | |
| TOTALING $5,080.00, ) | |
| ) | |
| Defendants. ) | |
| ) | |

O R D E R

Before the Court is the Government's Motion to Approve Consent Order of Forfeiture and Final Judgment. (Doc. 52.) The above-captioned matter involves $185,080.00 that the Government alleges is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). In March 2007, Hung Thien Ly ("Claimant") filed claims to Defendant Currency. (Docs. 9, 10, 12.) The defendant currency at issue was recovered in conjunction with the execution of search warrants at Claimant's residence on March 30, 2006.

The parties have entered into a Stipulation of Settlement and Release of All Claims. (Doc. 52-2.) Claimant represents that he is the owner of Defendant Currency and that he has not conveyed, transferred, pledged, or in any manner assigned or encumbered it. (Id. at 3.) Claimant has also agreed to release, remise, and forever discharge the United States, and

any agencies involving in this matter, from any and all claims or causes of action which Claimant may have had or may have on account of the events or circumstances giving rise to the seizure of Defendant Currency. (Id.)

After careful consideration, the Government's motion is **GRANTED**.[1] Accordingly, it is **HEREBY ORDERED** and **ADJUDGED**:

1. The Clerk of Court is **DIRECTED** to enter a Final Judgment of Forfeiture in favor of the United States against $55,080.00 of the Defendant Currency, which shall be disposed of by the United States according to federal law and the terms of this order;

2. The United States Marshals Service shall turn over $100,000.00 of the Defendant Currency to the Clerk of Court to be applied towards Claimant's criminal fine in CR407-286, United States of America v. Hung Thien Ly;

3. The United States Marshals Service shall return $30,000.00 to Claimant through his attorney of record, Raymond Granger. Claimant shall not be entitled to receive any further payment from the United States as a result of the seizure;

4. The parties shall be responsible for payment of their own expenses, including attorney's fees, incurred with this proceeding;

5. The Court expressly retains jurisdiction for thirty days from the date of this order to enforce this order; and

---

[1] As a result, all remaining motions are **DISMISSED AS MOOT**.

2

6. The Clerk of Court is **DIRECTED** close this case.

SO ORDERED this  13th day of May 2013.

*[signature]*

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3